GARY S. FERGUS (CA SBN 095318)
FERGUS, A LAW OFFICE
595 Market Street, Suite 2430
San Francisco, California 94105
Phone: (415) 537-9032
Fax: (415) 537-9038
E-mail: gfergus@ferguslegal.com

PAUL K. VICKREY *(Pro Hac Vice pending)*
PATRICK F. SOLON *(Pro Hac Vice pending)*
KARA L. SZPONDOWSKI *(Pro Hac Vice pending)*
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: vickrey@nshn.com
E-mail: solon@nshn.com
E-mail: szpondowski@nshn.com

Attorneys for Plaintiff
Dennis Fernandez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS FERNANDEZ, | Case No. CV 11 4491 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| ADOBE SYSTEMS, INC.; CISCO SYSTEMS, INC.; INTERCALL, INC. AND BLACKBOARD, INC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Dennis Fernandez, complains of Defendants Adobe Systems, Inc., Cisco Systems, Inc., InterCall, Inc., and Blackboard, Inc. and alleges as follows:

### NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Dennis Fernandez is a resident of Atherton, California, located in San Mateo County, California.

3. The patents-in-suit are U.S. Patent No. 7,221,387 entitled "Digital Television With Subscriber Conference Overlay," which issued on May 22, 2007 (the "'387 Patent," Exhibit A) and U.S. Patent No. 6,590,602 entitled "Digital Television With Subscriber Conference Overlay," which issued on July 8, 2003 (the "'602 Patent," Exhibit B). The '387 and '602 patents generally cover devices and methods for on-line conferencing.

4. Dennis Fernandez owns and has all right, title and interest in the '387 Patent and '602 Patent, including all claims for damages by reason of past, present or future infringement, with the right to sue for and collect damages for the same and, therefore, has standing to sue for infringement of the '387 Patent and '602 Patent.

5. Adobe Systems, Inc. ("Adobe") is a Delaware Corporation with its headquarters located in San Jose, California. Adobe designs, develops, offers for sale and sells nationwide, including substantial business in this judicial district, products or services that are covered by claims 17 and 75 of the '387 Patent, including Adobe Connect.

6. Cisco Systems, Inc. ("Cisco") California Corporation with its headquarters located in San Jose, California. Cisco designs, develops, offers for sale and sells nationwide, including substantial business in this judicial district, products or services that are covered by claims 17 and 75 of the '387 Patent and claims 12, 15, and 35 of the '602 patent, including WebEx.

7. InterCall, Inc. ("InterCall") is a Delaware Corporation with its headquarters located in Chicago, Illinois. InterCall designs, develops, offers for sale and sells nationwide, including, upon

information and belief, substantial business in this district, products or services that are covered by claims 17 and 75 of the '387 Patent, including InterCall Unified Meeting.

8. Blackboard, Inc. ("Blackboard") is a Delaware Corporation with its headquarters located in Washington, D.C.. Blackboard designs, develops, offers for sale and sells nationwide, including, upon information and belief, substantial sales in this judicial district, products or services that are covered by claims 17 and 75 of the '387 Patent, including Blackboard Collaborate.

### JURISDICTION AND VENUE

9. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

10. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Adobe, Cisco, InterCall, and Blackboard transact business in this district and have committed acts of infringement in this judicial district.

### PATENT INFRINGEMENT

11. Adobe has made, used, sold, offered for sale, and/or imported products with on-line conferencing capabilities, including but not limited to the Adobe Connect product. These acts by Adobe have directly infringed at least claims 17 and 75 of the '387 Patent.

12. Adobe has also committed and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '387 Patent, knowing and intentional inducement of infringement of at least claims 17 and 75 of the '387 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing on-line conferencing capabilities through at least its Adobe Connect product, and demonstrating and instructing users of Adobe Connect how to install and utilize the Adobe Connect product through, for example, on-line videos available through its web site, www.adobe.com, or through other user guides or manuals. Adobe has committed, and will continue to commit, these acts with knowledge of the '387 patent and with knowledge of infringement of these patents through the use of Adobe's Connect product by Adobe and other users. Adobe has had this knowledge since, at the latest, September 9, 2011, when Dennis Fernandez filed this Complaint. Users of Adobe Connect, in turn,

Fernandez v. Adobe Systems, Inc., *et al.*
Complaint for Patent Infringement

who have used such products directly infringe at least claims 17 and 75 of the '387 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the Adobe Connect product.

13. Cisco has made, used, sold, offered for sale, and/or imported products with on-line conferencing capabilities, including but not limited to the WebEx product. These acts by Cisco have directly infringed at least claims 17 and 75 of the '387 Patent, and at least claim 12, 15, and 35 of the '602 Patent.

14. Cisco has also committed and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '387 Patent, knowing and intentional inducement of infringement of at least claims 17 and 75 of the '387 Patent and at least claims 12, 15, and 35 of the '602 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing on-line conferencing capabilities through at least its WebEx product, and demonstrating and instructing users of WebEx how to install and utilize the WebEx product through, for example, on-line videos available through its web site, www.cisco.com, or through other user guides or manuals. Cisco has committed, and will continue to commit, these acts with knowledge of the '387 Patent and '602 Patent and with knowledge of infringement of these patents through the use of Cisco's WebEx product by Cisco and other users. Cisco has had this knowledge since, at the latest, September 9, 2011, when Dennis Fernandez filed this Complaint. Users of Cisco WebEx, in turn, who have used such products directly infringe at least claims 17 and 75 of the '387 patent and at least claims 12, 15, and 35 of the '602 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the Cisco WebEx product.

15. InterCall has made, used, sold, offered for sale, and/or imported products with on-line conferencing capabilities, including but not limited to the InterCall Unified Meeting product. These acts by InterCall have directly infringed at least claims 17 and 75 of the '387 Patent.

16. InterCall has also committed and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '387 Patent, knowing and intentional inducement of infringement of at least claims 17 and 75 of the '387 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing on-line conferencing capabilities through at least its InterCall Unified Meeting product, and demonstrating

4

and instructing users of InterCall Unified Meeting how to install and utilize the InterCall Unified Meeting through, for example, on-line videos available through its web site, www.intercall.com, or through other user guides or manuals. InterCall has committed, and will continue to commit, these acts with knowledge of the '387 patent and with knowledge of infringement of these patents through the use of InterCall Unified Meeting by InterCall and other users. InterCall has had this knowledge since, at the latest, September 9, 2011, when Dennis Fernandez filed this Complaint. Users of InterCall Unified Meeting, in turn, who have used such products directly infringe at least claims 17 and 75 of the '387 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of InterCall Unified Meeting.

17. Blackboard has made, used, sold, offered for sale, and/or imported products with on-line conferencing capabilities, including but not limited to the Blackboard Collaborate product. These acts by Blackboard have directly infringed at least claims 17 and 75 of the '387 Patent.

18. Blackboard has also committed and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '387 Patent, knowing and intentional inducement of infringement of at least claims 17 and 75 of the '387 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing on-line conferencing capabilities through at least its Blackboard Collaborate product, and demonstrating and instructing users of Blackboard Collaborate how to install and utilize the Blackboard Collaborate product through, for example, on-line videos available through its web site, www.blackboard.com, or through other user guides or manuals. Blackboard has committed, and will continue to commit, these acts with knowledge of the '387 patent and with knowledge of infringement of these patents through the use of Blackboard's Collaborate product by Blackboard and other users. Blackboard has had this knowledge since, at the latest, September 9, 2011, when Dennis Fernandez filed this Complaint. Users of Blackboard Collaborate, in turn, who have used such products directly infringe at least claims 17 and 75 of the '387 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the Blackboard Collaborate product.

19. The defendants' direct infringement and/or inducement to infringe has injured Dennis Fernandez, and Dennis Fernandez is entitled to recover damages adequate to compensate him for such infringement, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dennis Fernandez, respectfully requests this Court enter judgment against defendants and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of final judgment in favor of Dennis Fernandez;

B. An award of damages adequate to compensate Dennis Fernandez for the infringement which has occurred, together with prejudgment interest from the date infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284; and

C. Such other further relief as this Court or a jury may deem proper.

**JURY DEMAND**

Dennis Fernandez demands a trial by jury on all issues presented in this Complaint.

Dated: September 9, 2011                Respectfully submitted,

By /s/

PAUL K. VICKREY *(pro hac vice pending)*
PATRICK F. SOLON *(pro hac vice pending)*
KARA L. SZPONDOWSKI *(pro hac vice pending)*
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: vickrey@nshn.com
E-mail: solon@nshn.com
E-mail: szpoondowski@nshn.com

Gary S. Fergus
FERGUS, A LAW OFFICE
595 Market Street, Suite 2430
San Francisco, California 94105
Phone: (415) 537-9032
Fax: (415) 537-9038
E-mail: gfergus@ferguslegal.com

Attorneys for Dennis Fernandez

Fernandez v. Adobe Systems, Inc., et al.
Complaint for Patent Infringement