| | |
|---|---|
| GARY S. FERGUS (CA SBN 095318)<br>FERGUS, A LAW OFFICE<br>595 Market Street, Suite 2430<br>San Francisco, California 94105<br>Phone: (415) 537-9032<br>Fax: (415) 537-9038<br>E-mail: gfergus@ferguslegal.com<br><br>PAUL K. VICKREY *(Pro Hac Vice)*<br>PATRICK F. SOLON *(Pro Hac Vice)*<br>KARA L. SZPONDOWSKI *(Pro Hac Vice)*<br>NIRO, HALLER & NIRO<br>181 W. Madison St., Suite 4600<br>Chicago, Illinois 60602<br>Phone: (312) 236-0733<br>Fax: (312) 236-3137<br>E-mail: vickrey@nshn.com<br>E-mail: solon@nshn.com<br>E-mail: szpondowski@nshn.com<br><br>Attorneys for Plaintiff<br>DENNIS FERNANDEZ | KILPATRICK TOWNSEND & STOCKTON LLP<br>ROBERT J. ARTUZ (State Bar No. 227789)<br>ANDREW T. OLIVER (State Bar No. 226098)<br>ERIC M. HUTCHINS (State Bar No. 245462)<br>1080 Marsh Road<br>Menlo Park, CA 94025<br>Telephone:(650) 326-2400<br>Facsimile: (650) 326-2422<br>Email: rartuz@kilpatricktownsend.com<br>    aoliver@kilpatricktownsend.com<br>    ehutchins@kilpatricktownsend.com<br><br>KILPATRICK TOWNSEND & STOCKTON LLP<br>MITCHELL G. STOCKWELL *(pro hac vice)*<br>RUSSELL A. KORN *(pro hac vice)*<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309<br>Telephone:(404) 815-6500<br>Facsimile: (404) 815-6555<br>Email: mstockwell@kilpatricktownsend.com<br>    rkorn@kilpatricktownsend.com<br><br>Attorneys for Defendant,<br>ADOBE SYSTEMS, INC. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENNIS FERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS, INC.<br><br>    Defendant. | Civil Action No. 4:11-cv-04491-YGR<br><br>**STIPULATED MOTION TO STAY LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 7,221,387** |

///
///
///
///
///
///



STIPULATED MOTION TO STAY LITIGATION PENDING PATENT REEXAMINATION
CASE NO. 4:11-CV-04491-YGR

Pursuant to Civil L.R. 7-1(a)(5) and 7-12 and 35 U.S.C. § 318, plaintiff Dennis Fernandez ("Fernandez") and defendant Adobe Systems, Inc. ("Adobe") hereby move to stay this patent infringement action pending reexamination by the United States Patent and Trademark Office ("USPTO") of the sole patent-in-suit -- U.S. Patent No. 7,221,387 (the "'387 patent").[1]

## I. INTRODUCTION

On September 9, 2011, Fernandez filed this patent infringement action against Adobe, asserting claims 17, 25, 26 and 75 of the '387 patent. ECF No. 1 at ¶¶ 11, 12. The '387 patent is the sole asserted patent. This case is in its early stages; claim construction proceedings are scheduled to begin in June 2012; and no trial date has been set. ECF No. 37.

On April 4, 2012, Cisco Systems, Inc. filed a request for *inter partes* reexamination under 35 U.S.C. §§ 311-318 of the majority of the claims of the '387 patent, including all of the asserted claims (i.e., claims 17, 25, 26 and 75). This request has been assigned Reexamination Serial No. 95/001,958 by the USPTO. The USPTO has not yet taken any substantive action upon this request.

Because (a) this case is in its early stages, (b) a stay will simplify the issues in question, and (c) a stay will not unduly prejudice or tactically disadvantage either party, the parties stipulate to and request and order staying all proceedings in this case pending resolution of all reexamination proceedings regarding the '387 patent that are currently pending or are requested within the 60 days following the filing of this stipulation.

## II. STATEMENT OF AUTHORITIES

The determination whether to grant a request for a stay pending the outcome of the USPTO's reexamination is soundly within the court's discretion. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (noting that Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending

---

[1] A similar stipulated request for stay is being filed concurrently in *Fernandez v. Cisco Systems, Inc.*, case no. 4:11-cv-4968-YGR in which the '387 patent is asserted and this Court set a concurrent schedule for claim construction proceedings. Similarly, stipulated requests for stays are being filed in *Fernandez v. Sony Computer Entertainment Am. LLC et al.*, case no. 4:11-cv-04973-PJH and *Fernandez v. Intercall, Inc.*, case no. 1:11-cv-07091 in the U.S. Dist. Ct. for the N.D. Ill.



STIPULATED MOTION TO STAY LITIGATION PENDING PATENT REEXAMINATION - 1 -
CASE NO. 4:11-CV-04491- YGR

reexamination of a patent"); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("courts have inherent power to manage their dockets and stay proceedings, [. . .] including the authority to order a stay pending conclusion of a [US]PTO reexamination"). A decision to grant or deny a stay is based on evaluation of the following three factors: "(1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court." *Sorensen v. Digital Networks North Am. Inc.*, No. C 07-05568 JSW, ECF No. 39 at p. 2 (N.D. Cal. Jan. 16, 2008); *see also Speedtrack, Inc. v. Wal-Mart.com USA, LLC*, No. C 06-7336 PJH, ECF No. 282 at pp. 1-2 (N.D. Cal. Feb. 5, 2009); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 U.S. Dist. LEXIS 122229 at *1-*2 (N.D. Cal. Dec. 15, 2009). "There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.'" *Sorensen*, ECF No. 39 at p. 2 (citing *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).

### III. APPLICATION OF AUTHORITIES

Each of the three factors favoring a stay are met in this action.

#### A. The Case is in its Early Stages and No Trial Date Has Been Set

The first factor, i.e. the stage of litigation, weighs in favor of a stay. This case is in its early stages. Discovery has started, but no depositions have taken place. The court has not yet started claim construction, expert discovery, or summary judgment proceedings. No trial date has been set. *See* ECF No. 37 at p. 2, lines 27-28.

While a technology tutorial and claim construction hearing are set for August 24 and September 5, the parties have not yet exchanged claim constructions or proposed terms for construction. *See* ECF No. 37 at p. 2.

#### B. There is No Prejudice or Tactical Disadvantage to a Nonmoving Party

The second factor, i.e. prejudice or tactical disadvantage to a nonmoving party, weighs in favor of a stay. Here, the parties stipulate to a stay pending the completion of reexamination



STIPULATED MOTION TO STAY LITIGATION PENDING PATENT REEXAMINATION - 2 -
CASE NO. 4:11-CV-04491- YGR

proceedings. There is no nonmoving party that asserts the existence of prejudice or tactical disadvantage.

### C. The Stay Will Simplify the Issues in Question and Streamline the Trial

The third factor, i.e. simplification of the issues and streamlining of trial, weighs in favor of a stay. As explained by the Federal Circuit, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the Patent Office (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Reexamination of the '387 patent may result in modification, limitation, concession as to scope, cancellation, or upholding of the asserted claims. Thus, a stay will result in conservation of both judicial resources and the parties' time and resources.

### D. The Court Should Exercise its Discretion and Grant a Stay

Because the parties are in agreement that a stay is appropriate and the factors considered by the court all weigh in favor of a stay, the parties request that the Court exercise its discretion and grant a stay in this matter. A proposed order is set forth below.

## IV. STIPULATED ORDER

For the foregoing reasons, the Court GRANTS the parties' stipulated motion to stay pending reexamination of the '387 patent. The proceedings are stayed from the date of this Order until further notice.

The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the reexamination proceedings no later than 60 days from the final exhaustion of the reexamination proceedings by the USPTO (including any appeals) with respect to the '387 patent that were pending at or requested within the 60 days following the date of the parties' filing of this stipulation. Fernandez shall notify Adobe within 30 days of such final exhaustion so that the parties will have sufficient time to prepare a joint status report.

1 | Dated: April 19, 2012 | Respectfully submitted,

FERGUS, A LAW OFFICE
NIRO, HALLER & NIRO


By: */s/ Paul K. Vickrey (with permission ATO)*
    Gary S. Fergus

    Paul K. Vickrey (*pro hac vice*)
    Patrick F. Solon (*pro hac vice*)
    Kara L. Szpondowski (*pro hac vice*)
    Oliver D. Yang (*pro hac vice*)
    Dan R. Ferri (*pro hac vice*)

Attorneys for Plaintiff,
DENNIS FERNANDEZ


Dated: April 19, 2012      Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Andrew T. Oliver*
    Robert J. Artuz
    Andrew T. Oliver
    Eric M. Hutchins

    Mitchell G. Stockwell (*pro hac vice*)
    Russell A. Korn (*pro hac vice*)

Attorneys for Defendant,
ADOBE SYSTEMS, INC.


PURSUANT TO STIPULATION, IT IS SO ORDERED. All pending deadlines and hearings are hereby VACATED.

Dated: April 27, 2012      *[signature]*
    Honorable Yvonne Gonzalez Rogers
    United States District Judge

63762235 v1

